IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACQUELINE SISCO and          :
RODNEY SISCO, her husband,    :          CIVIL ACTION NO. **3:CV-07-0347**
                              :
          Plaintiffs          :          Magistrate Judge Blewitt
                              :
          v.                  :
                              :
CLEVELAND CONSTRUCTION,       :
                              :
          Defendant/          :
          Third-Party Plaintiff :
                              :
          v.                  :
                              :
INTEGRITY BUILDERS OF INDIANA, :
INC.,                         :
                              :
          Third-Party Defendant, :
                              :

## MEMORANDUM AND ORDER

### I. Background.

On February 23, 2007, Plaintiffs Jacqueline Sisco and Rodney Sisco, her husband, filed a

Complaint against original Defendant, Cleveland Construction ("CC"). (Doc. 1). Plaintiffs allege

that on June 28, 2005, while Jacqueline was working at a Wal-Mart Store in West Fall Township,

Pike County, Pennsylvania, she tripped and fell in a store stairwell on a power tool cord left laying

across the stairwell by CC. CC was hired by Wal-Mart to perform renovations at the store. Plaintiffs

allege that as a result of Jacqueline's fall, she suffered serious and permanent injuries. (Doc. 1, p.

2). The original Complaint was filed in federal court based on diversity jurisdiction under 28 U.S.C.

§1332.[1]  On May 23, 2007, Defendant CC filed its Answer with Affirmative Defenses to Plaintiffs' Complaint.  (Doc. 5).

On September 13, 2007, CC filed a Motion for Leave to File a Third Party Complaint against Integrity Builders of Indiana, Inc. ("IBI").  (Doc. 13).  September 14, 2007, the Court granted CC's Motion.  (Doc. 14).

On September 17, 2007, CC filed a Third Party Complaint against Integrity Builders of Indiana, Inc. ("IBI"), as a Third-Party Defendant pursuant to Fed.R.Civ.P. 14 and Local Rule 14.1, M.D. Pa. (Doc. 15).[2]  On December 6, 2007, IBI filed a Motion to Dismiss the Third Party Complaint against it pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).  **(Doc. 19)**.  IBI simultaneously filed its Brief in support of its Motion, as required by Local Rule 7.5, M.D. Pa.  (Doc. 20).  On December 17, 2007, CC filed its Response to IBI's Motion to Dismiss and its opposition Brief to said Motion.  (Docs. 21 and 22).  IBI's Motion to Dismiss the Third Party Complaint is now ripe for disposition.[3]

---

[1]We note that Pennsylvania law applies to Plaintiffs' claims.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Schlegel v. Wilson-Cook Medical, Inc.*, 2007 WL 465528, * 3, n. 3  (M.D. Pa.).

[2]A Joint Case Management Plan ("JCMP") was filed by the original Plaintiffs and original Defendant on July 17, 2007, and the Court set a Joint Case Management Conference ("JCMC") for September 18, 2007. (Docs. 9 and 12).  By Order of September 14, 2007, the Court granted Plaintiffs' Motion for Leave to File Third Party Complaint and canceled the September 18, 2007 Joint Case Management conference until further order of the Court. (Doc. 14).  The Court will set a JCMC after the present Motion is decided.

[3]The original Plaintiff and the original Defendant, in their July 18, 2007 JCMP, consented to proceed before the undersigned United States Magistrate Judge, and the District Court entered an Order on July 10, 2007, reassigning this case to the undersigned for all matters pursuant to 28 U.S.C. § 636(c). (Doc. 9, p. 3 and Doc. 10).  Third Party Defendant IBI has not

IBI first moves to dismiss CC's Third Party Complaint against it pursuant to Rule 12(b)(1) by arguing that it is beyond the scope of Rule 14(a) since this pleading only alleges a direct cause of action between the Plaintiffs and it (IBI) as the Third-Party Defendant. Alternatively, IBI argues that CC's Third Party Complaint should be dismissed under Rule 12(b)(6) since it does not set forth an independent basis of liability on the part of IBI over to CC. (Doc. 20, p. 2). That is to say, the Third-party Defendant (IBI) moved to dismiss CC's Third Party Complaint under Rule 14(a), based on 12(b)(1) and 12(b)(6), since IBI contends that CC only alleged that the Third-Party Defendant (IBI) was liable to Plaintiff, and since CC's Third Party Complaint did not state a basis for liability of Third-Party Defendant (IBI) to the Third-Party Plaintiff (CC).

## II. Standard of Review.

A. Rule 12(b)(1)

The Court in *Henderson v. Nationwide Ins. Co.*, 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001), stated:

> Fed.R.Civ.P. 12(b)(1) provides that a party may move to dismiss a lawsuit for lack of jurisdiction over the subject matter. A 12(b)(1) motion may challenge jurisdiction based on the face of the complaint or its existence in fact. *See Gould Elects. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) *(citing Mortensen v. First Fed. Savings and Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)). When the challenge is facial, the court must accept as true all well-pleaded allegations in the complaint and draw reasonable inferences in favor of the plaintiff. *See Mortensen*, 549 F.2d at 890. When the challenge to jurisdiction

---

yet had an opportunity to decide if it will consent to proceed before the undersigned United States Magistrate Judge. If this Court denies IBI's Motion to Dismiss the Third Party Complaint, a new JCMP will be ordered and a new JCMC will be scheduled, and IBI will then given an opportunity to decide if it also consents to proceed before the undersigned United States Magistrate Judge.

is factual, however, the court is not bound by the allegations in the pleadings. *See id.* Therefore, "no presumptive truthfulness attaches to plaintiff's allegations" for factual challenges. *Id.* Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion. *See id.* Dismissal is proper where the federal claim is "made solely for the purpose of obtaining jurisdiction" or where such a claim is "wholly insubstantial and frivolous." *Kulick v. Pocono Downs Racing Ass'n, Inc.,* 816 F.2d 895, 898 (3d Cir. 1987) (citing *Bell v. Hood,* 327 U.S. 678, 682-83, 66 S.Ct. 773, 90 L.Ed. 939 ( 1946)).

*See also VP Builders, Inc. v. Cairone,* 2001 WL 1168862, * 2 (E.D. Pa.).

The Court determines how to treat a Rule 12(b)(1) Motion. *Henderson, supra.* We shall consider Third-Party Defendant IBI's Motion as a Rule 12(b)(1) Motion which challenges jurisdiction based on the face of the Third Party Complaint. Thus, we may only consider the allegations made in CC's Third Party Complaint. (Doc. 15).

B. Rule 12(b)(6)

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble,* 429 U.S. 97, 107-108 (1976).

4

## III. Discussion.

As mentioned, we deem Third-Party Defendant IBI as making a facial challenge to subject matter jurisdiction since it does not offer any additional evidence in support of its Motion to Dismiss. (Doc. 15). IBI states that CC's Third Party Complaint against it was not filed until after the statute of limitations ("SOL") expired with respect to Plaintiffs' claims regarding Jacqueline's June 28, 2005 trip and fall. IBI points out that CC should not be allowed to circumvent the SOL *via* its Third Party Complaint.

In its Third Party Complaint, CC alleges as follows:

> 7.     Prior to June 28, 2005, Defendant, Cleveland Construction had been hired by Wal-Mart to perform various renovations to the property described in paragraph 3 above.
>
> 8.     On or about June 28, 2005, Third Party Defendant, Integrity Builders, Inc., was a subcontractor of Defendant, Cleveland Construction for the renovation project described in paragraph 4 above.
>
> 9.     The "cords" on which Plaintiff alleges she tripped were positioned by and under the control of Third Party Defendant, Integrity Builders, Inc.
>
> 10.     The alleged incident on June 28, 2005 described in Plaintiff's Complaint, was caused solely by the negligence and carelessness of the Third Party Defendant, Integrity Builders, Inc.
>
> 11. The June 28, 2005 trip and fall and the injuries allegedly sustained by Plaintiff Jacqueline Sisco, were a direct result of the carelessness and negligence of the Third Party Defendant, Integrity Builders, Inc., in that it:
>
> > a.     knew or should have known that the Plaintiff, Jacqueline Sisco would traverse said stairwell without knowledge of the power cords and would fail to protect herself from the dangers imposed by said power cords;

> b.    failed to warn the Plaintiff herein or any other
>        pedestrian, of the presence of said power cords as
>        they traversed the stairwell located in the Wal-Mart
>        Superstore on June 28, 2005;
>
> c.    failed to act as a reasonable and prudent person would
>        have under the circumstances on June 28, 2005.

(Doc. 15, ¶'s 7.-11.).

In its Wherefore Clause, CC requests that "Judgment be entered against Answering Defendant [IBI], liability for which is strictly denied, Answering Defendant demands Judgment be further entered against Third Party Defendant, Integrity Builders, Inc., by way of contribution and/or full indemnity." (*Id.*, p. 3).

IBI argues that this Court lacks subject matter jurisdiction since it cannot be impleaded as a Third-Party Defendant by CC merely because it (IBI) may be liable to Plaintiffs. In our case, IBI contends that CC's Third Party Complaint only sets forth a claim of its (IBI's) liability to Plaintiffs. IBI relies upon ¶'s 10.-11. of CC's Third Party Complaint, which we have quoted above. IBI argues that ¶'s 10.-11. of CC's Third Party Complaint only raise allegations of direct negligence by IBI as against Plaintiffs. (Doc. 20, p. 3). IBI states that CC's allegations do not allege any cause of action between CC and IBI.

In its response to IBI's present Motion, CC states that its Third Party Complaint avers that IBI was the subcontractor in control of the stairwell area at Wal-Mart where Plaintiff Jacqueline allegedly fell, and that IBI was in control of the power cord that Plaintiff Jacqueline alleges caused her fall and injures. (Doc. 21, ¶ 3.). CC also argues that, not only has it averred that IBI was its

6

subcontractor that had control of the area where Plaintiff fell, it has also asserted a claim for indemnity against IBI pursuant to the subcontract between them. (Doc. 22, p. 1).[4]

Thus, we deem CC as arguing that its Third Party Complaint asserts a direct claim against IBI on the basis that IBI was its subcontractor which had control of the area where Plaintiff fell and that IBI is liable to it (CC) with respect to Plaintiffs' claims asserted against it (CC) pursuant to the subcontract it (CC) had with IBI.  IBI contends that under Rule 14(a), CC's Third-Party Complaint against it, based on only the contractor-subcontractor relationship between it and CC, is insufficient. (Doc. 20, p. 3).

Third-party Defendant IBI argues that CC has only alleged facts to show that it (IBI) may be liable to Plaintiffs.  CC seems to contend that it has averred sufficient facts in its Third Party Complaint to show that IBI is a joint tortfeasor with it (CC) to support its claim against IBI for contribution and/or indemnity. (Doc. 15, p. 3).

Rule 14(a) is construed liberally to conserve judicial economy, and Rule 14 is used to implead a third-party defendant where the third-party defendant is or may be liable to defendant 'derivatively or secondarily, and not to join a person who is or may be liable solely to the plaintiff'". *Hellauer v. NAFCO,* 1998 WL 352585 at *2 (E.D. Pa.), *citing Demaio v. Cigna Corp.,* 1990 WL 117976 at *2 (E.D. Pa.); *Con-Tech Sales v. Cockerham,* 715 F.Supp. 701, 704 (E.D. Pa. 1989).

---

[4]The original construction contract between Wal-Mart and CC permitted CC, as contractor, to enter into contracts with subcontractors for portions of the work at the Wal-Mart, and it provided that any subcontractor used by CC was subject to all of the terms and conditions of the contract between Wal-Mart and CC. (Doc. 16, p. 22).  The contract also had an Indemnification provision between Wal-Mart and CC. (*Id.,* p. 17).

Rule 14(a) provides:

> [A] defending party, as a third-party plaintiff, may cause a summons
> and complaint to be served upon a person not a party to the
> action who is nor may be liable to the third-party plaintiff for
> all or part of the plaintiff's claim against the third-party plaintiff.
>
> Fed.R.Civ.P. 14(a).

Under Rule 14, the liability of the third-party defendant "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant." *Baltimore & Ohio Railroad Co. v. Central Railway Services, Inc.*, 636 F.Supp. 782, 786 (E.D. Pa. 1986) (citation omitted).

As the Court stated in *Schlegel v. Wilson-Cook Medical, Inc.*, 2007 WL 465528, * 3 (M.D. Pa.):

> Pursuant to Pennsylvania law, [FN3] a right to
> contribution arises only among joint tortfeasors (*i.e.*, "two or
> more persons jointly or severally liable in tort for the same
> injury to persons or property, whether or not judgment has been
> recovered against all or some of them"). 42 PA.CONS.STAT.ANN.
> § 8322. The Uniform Contribution Among Tortfeasors Act
> provides that the right of contribution exists among joint tortfeasors.
> *Id.* § 8324(a). "Where a defendant has been held jointly and
> severally liable . . . and discharges by payment more than that
> defendant's proportionate share of the total liability, that defendant
> is entitled to recover contribution from defendants who have paid less
> than their proportionate share." *Id.* § 7102(b.1)(4); *see also*
> *Exxonmobile Oil Corp. v. Lucchesi*, No. Civ.A. 03-1625, 2004 WL 1699203
> (E.D. Pa. July 29, 2004).

The *Schlegel* Court, 2007 WL 465528, * 3, further stated:

> [T]he Pennsylvania Superior Court stated, "[i]f the tortious
> conduct of two or more persons causes a single harm which
> cannot be apportioned, the actors are joint tortfeasors, *even
> though they may have acted independently,*" *Neal v. Bavarian Motors,*

*Inc.*, 882 A.2d 1022, 1028 (Pa.Super.Ct. 2005) (emphasis added);
*see also Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa.Super.Ct.
1984), [FN4] A joint tort is "where two or more persons owe to
another the same duty and by their common neglect such other
is injured." *Neal*, 882 A.2d at 1028. Further, "[m]ost personal
injury cases are by their very nature incapable of division." *Id.*;
*see also Capone*, 882 A.2d at 1251.

As stated, CC was contracted by Wal-Mart to perform renovation construction work at its Pike County store, and CC entered into a subcontract with IBI to work on the renovation project. CC alleges that at the time of Plaintiff Jacqueline's fall, the power cords upon which she allegedly tripped and which allegedly caused her fall and injuries, were placed in the stairwell area by IBI and were under the control of IBI. Thus, it is alleged that CC and IBI owed the same duty of care to Plaintiff. *See Schlegel*, 2007 WL 465528, * 3-*4.   As stated by the *Schlegel* Court, 2007 WL 465528, * 4, "although third-party Defendants may have acted independently of [the original Defendant/Third-Party Plaintiff], they nevertheless may be considered joint tortfeasors with [the original Defendant/Third-Party Plaintiff]."

Based on *Schlegel*, and the above discussion, we will deny IBI's Motion to Dismiss based on Rule 12(b)(1) and Rule 14(a).  We will also deny IBI's Motion under Rule 12(b)(6) since we have found that CC has alleged sufficient facts in its Third Party Complaint against IBI to show that IBI is a joint tortfeasor with CC, and for CC to state a claim for contribution as against IBI. *See Schlegel*, 2007 WL 465528, * 3-*4.

Further, based on *Schlegel*, we find that CC's Third Party Complaint is within the SOL for a contribution claim under Pennsylvania law, 42 Pa. C.S.A. § 5527(b). *See Schlegel*, 2007 WL 465528, * 3-*4.  Plaintiffs' cause of action accrued on June 28, 2005, and Plaintiffs timely filed

9

their Complaint against CC on February 23, 2007.  (Doc. 1).  CC then filed its Third Party

Complaint against IBI on September 17, 2007.  (Doc. 15).  CC essentially asserts a contribution

claim against IBI.  Therefore, as in *Schlegel,* we find that CC's Third Party Complaint against IBI is

within the applicable SOL.  *Id.,* * 5.

Accordingly, we shall deny IBI's Motion to Dismiss CC's Third Party Complaint against it .

(Doc. 19).

An appropriate Order follows.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 10, 2008**

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACQUELINE SISCO and             :
RODNEY SISCO, her husband,       :        CIVIL ACTION NO. **3:CV-07-0347**
                                 :
         Plaintiffs              :        Magistrate Judge Blewitt
                                 :
         v.                      :
                                 :
CLEVELAND CONSTRUCTION,          :
                                 :
         Defendant/              :
         Third-Party Plaintiff   :
                                 :
         v.                      :
                                 :
INTEGRITY BUILDERS OF INDIANA,   :
INC.,                            :
                                 :
         Third-Party Defendant,  :
                                 :

## ORDER

AND NOW, this _10_ day of **March, 2008, IT IS HEREBY ORDERED THAT:**

1. Third Party Defendant IBI's Motion to Dismiss CC's Third Party Complaint against it **(Doc. 19)** is **DENIED.**

2. Third-Party Defendant IBI shall file its Answer to CC's Third Party Complaint against it within **ten (10) days** of the date of this Order.

11

3. The Court will then reschedule a Joint Case Management Conference and, subsequently, will issue a Scheduling Order in this case.[5]


THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: March/(), 2008**

---

[5]During the Joint Case Management Conference, as noted, Third-Party Defendant IBI will have an opportunity to decide if it consents to proceed before the undersigned for all matters, as the original parties have consented to our jurisdiction under § 636(c).

12